1

2                    IN THE UNITED STATES DISTRICT COURT

3                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

5

6

7   ARLINE BUTTERFIELD,                          No. C 05-1689 SBA

8            Plaintiff.                          **ORDER**

9     v.

10  STATE FARM MUTUAL AUTOMOBILE
    INSURANCE COMPANY,
11
             Defendant.
12   _____

13          This matter comes before the Court on Defendant's Notice of Removal pursuant to 28 U.S.C. §

14  1332 [Docket No. 1].  The Court has examined the Notice of Removal and all attachments thereto and

15  has determined that removal was improper.  *See Martinez v. Westin St. Francis LMT, Partnership,* 2002

16  WL 240022 (N.D. Cal. 2002) (citing *Galt G/S v. Hapag-Lloyd AG*, 60 F.3d 1370, 1373 (9th Cir.1995)).

17  Accordingly, the Court REMANDS the above-captioned action to the Superior Court of the State of

18  California, County of Alameda.

19                              **BACKGROUND**

20  **A.      Factual Background**

21          On or about January 2000, in consideration of the payment of a semi-annual premium paid by

22  Plaintiff Arline Butterfield ("Butterfield" or "Plaintiff"), Defendant State Farm Mutual Automobile

23  Insurance Company ("State Farm" or "Defendant") executed and delivered to Plaintiff Policy No. D032-

24  589-05A (the "Policy"), which insured Plaintiff against losses resulting from automobile accidents

25  caused by uninsured motorists in the amount of $30,000 per individual and $60,000 per occurrence.  *See*

26  Compl. at ¶ 5.  On the occurrence of a loss caused by an uninsured motorist, State Farm promised to pay

27  Plaintiff up to $30,000.  *See id.*  The Policy was in effect as of January 17, 2000.  *Id.*

28

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

On January 17, 2000, Plaintiff was struck by an uninsured motorist. *See id.* at ¶ 6. Plaintiff subsequently demanded payment from State Farm in the amount of $30,000, and advised State Farm that the damages resulting from the incident had a value in excess of $30,000. *Id.* at ¶ 7. On October 21, 2001, State Farm rejected Plaintiff's demand and offered $10,000 to settle Plaintiff's claim. *Id.* at ¶ 8. State Farm advised Plaintiff that if she did not accept the $10,000 offer, State Farm would require Plaintiff to submit to a medical evaluation by a doctor chosen by State Farm. *Id.*

On October 30, 2001, Plaintiff's counsel rejected in writing the $10,000 offer from State Farm and advised State Farm that Plaintiff would submit to a medical evaluation by a doctor of State Farm's choosing. *Id.* at ¶ 9. Over the next five months, State Farm worked with Plaintiff to obtain the required medical evaluation. *Id.* at ¶ 10.

On April 19, 2002, State Farm repeated its $10,000 settlement offer and apparently sent Plaintiff a check for $10,000. *Id.* at ¶¶ 10, 13. Plaintiff rejected the settlement offer and demanded arbitration of her dispute. *Id.* at ¶ 10. State Farm subsequently referred the matter to its counsel. *Id.* at ¶ 11. Counsel for State Farm agreed to mediate the claim. *Id.*

On November 1, 2002, Plaintiff and State Farm attended a mediation. *Id.* At the mediation, State Farm again offered $10,000 to settle the claim and Plaintiff refused. *Id.*

On July 2, 2003, Plaintiff and State Farm participated in an arbitration of Plaintiff's claim. *Id.* at ¶ 13. On July 10, 2003, the arbitrator, William W. Haskell, Esq., issued a decision determining that the total amount that Plaintiff was entitled to recover as a result of her collision with the uninsured motorist was $56,000 in damages, which was, in fact, in excess of the available uninsured motorists insurance benefits to which Plaintiff was entitled to receive from State Farm. *Id.* at ¶¶ 13, 22. On July 21, 2003, State Farm issued Plaintiff a check in the amount of $20,000, representing the remaining balance of the $30,000 owed to Plaintiff under the Policy. *Id.* at ¶ 13.

**B.    Procedural Background**

On February 25, 2005, Plaintiff filed a complaint for breach and tortious breach of insurance contract for actual and punitive damages ("Complaint") against defendant State Farm in the Superior Court for the State of California, in and for the County of Alameda. Plaintiff's Complaint alleges the following causes of action: (1) Breach of Contract; and (2) Tortious Breach of Insurance Contract and

Breach of the Duty of Good Faith and Fair Dealing.  In the Complaint, Plaintiff alleges that State Farm "failed and refused to pay plaintiff the full amount of the damages to which plaintiff . . . was entitled under the policy in violation of their contractual obligations." *Id.* at ¶ 15.  Plaintiff also contends that State Farm's breach of contract forced her to have to unnecessarily pursue arbitration, "resulting in delay of receipt of benefit and the incurring of additional necessary costs and fees in the amounts of $1,892.10 in costs and $1,333.34 in fees."  Plaintiff alleges that she was damaged in the amounts of "$1,892.10 in costs and $1,333.34 in fees . . . [and] the amount of interest lost of the sum of $30,000 during the period of time that defendant . . . failed to adequately, fairly, and promptly investigate, evaluate and settle plaintiff's claim." *Id.* at ¶ 16.

On April 25, 2005, Defendant filed its answer to the Complaint. Also on April 25, 2005, Defendant filed the instant Notice of Removal, thereby removing the action to this Court.

## LEGAL STANDARD

The federal removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court . . . may be removed by the defendant or the defendants" to federal court on the basis of federal question or diversity jurisdiction. 28 U.S.C. 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).

The removal statute is to be strictly construed against removal and any doubt is resolved in favor of remand.  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  The burden of establishing jurisdiction rests with the party effecting the removal.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted).  The Court must determine whether removal was proper by "looking to the complaint at the time the removal petition was filed." *Chesler/Perlmutter Prods. v. Fireworks Entm't, Inc.*, 177 F. Supp. 2d 1050, 1058 (C.D. Cal. 2001) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979)).  The United States Supreme Court has explained that "if the case is not then removable it cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant." *Great N. Ry. v. Alexander*, 246 U.S. 276, 281 (1918).

In order to remove on the basis of diversity jurisdiction, the parties must be from different states and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332.  The jurisdictional amount is

United States District Court

For the Northern District of California

1  normally met if the plaintiff claims a sum greater than the jurisdictional minimum. *Gaus v. Miles Inc.*,

2  980 F.2d 564, 566 (9th Cir. 1992). If, however, the allegations of a complaint filed in state court do not

3  conclusively demonstrate that the amount in controversy exceeds the jurisdictional minimum, the

4  removing party must demonstrate by a preponderance of the evidence that the jurisdictional minimum

5  has been met. *See Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996). "Federal

6  jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus,*

7  980 F.2d at 566; *see also Matheson v. Progressive Speciality Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir.

8  2003). A district court should consider facts presented in the removal petition or any "summary-

9  judgement-type evidence relevant to the amount in controversy at the time of removal." *Matheson,* 319

10  F.3d at 1090. "Conclusory allegations as to the amount in controversy are insufficient." *Id.* at 1090-91.

11      A district court may *sua sponte* raise the issue of subject matter jurisdiction and may remand a

12  case if, after examining the notice of removal, it determines that removal of the case to federal court was

13  not proper. *See Martinez v. Westin St. Francis LMT, Partnership,* 2002 WL 240022 at *1(citing *Galt*

14  *G/S*, 60 F.3d at 1373).

15                                              **ANALYSIS**

16      Here, Defendant's Notice of Removal does not include any underlying facts that support its

17  assertion that the amount in controversy exceeds $75,000. In fact, in order to establish the existence of

18  diversity jurisdiction, State Farm relies solely upon its own conclusion that the "amount in controversy

19  includes plaintiff's alleged contract damages 'well in excess of' $30,000, [an] arbitration award in the

20  amount of $56,000, arbitration fees and costs in excess of $1,800, attorneys' fees and costs, [and] general

21  and punitive damages." *See* Not. of Removal at ¶ 4. Thus State Farm attempts to suggest, in the Notice

22  of Removal, that Plaintiff is requesting damages in excess of $87,800. This conclusion is completely

23  erroneous and is based upon a gross misrepresentation of not only the nature of the Complaint itself, but

24  also the allegations contained in the Complaint. The Complaint plainly states that Plaintiff is only

25  seeking damages relating to State Farm's allegedly unreasonable delay in the payment of the $30,000

26  in insurance proceeds. Nowhere in the Complaint does Plaintiff even suggest that she is entitled to

27  recover $30,000 from State Farm again; in fact, she *concedes that this amount has already been paid*.

28  *See* Compl. at ¶ 28. Further, it is clear that the arbitration award of $56,000 is mentioned in the

United States District Court
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1   Complaint only because it is Plaintiff's proof that she was, in fact, entitled to recover the full $30,000

2   in insurance proceeds.   Further, Plaintiff's prayer for relief explicitly states that the amount in

3   controversy is "$1,892.10 in costs and $1,333.34 in fees . . . [plus] interest [at] the legal rate on the sum

4   of $20,000 [and] interest . . . on the sum of $20,000" during the period of "time that defendant . . . failed

5   to adequately, fairly, and promptly investigate, evaluate and settle plaintiff's claim." *Id.* at ¶¶ 16, 30.

6   The total sum of this amount falls *considerably* short of the $75,000 jurisdictional minimum.

7                                          **CONCLUSION**

8            IT IS HEREBY ORDERED THAT the above-captioned matter is REMANDED to the Superior

9   Court of the State of California, County of Alameda.   All matters calendared in this action are

10   VACATED.   The Clerk shall close the file and terminate any pending matters.

11           IT IS SO ORDERED.

12

13   Dated: 10/17/05                         SAUNDRA BROWN ARMSTRONG
                                             United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28